Jeffrey L. Smoot, WSBA #39335
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101
(206) 623-3427

Judge Timothy W. Dore
Chapter 11
Hearing Date: August 5, 2016
Hearing Time: 9:30 a.m.
Location: Seattle, Room 8106
Response Deadline: July 29, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE DIVISION

In re:

WASHINGTON FIRST FINANCIAL GROUP, INC.,

Debtor.

No. 16-12848-TWD

MOTION FOR ORDER
(1) APPROVING DEBTOR'S DISCLOSURE STATEMENT AND ANY AMENDMENTS THERETO;
(2) APPROVING THE NOTICE AND OBJECTION PROCEDURES IN RESPECT TO CONFIRMATION OF DEBTOR'S PLAN OF LIQUIDATION AND ANY AMENDMENTS THERETO;
(3) APPROVING SOLICITATION PACKAGE AND PROCEDURES FOR DISTRIBUTION THEREOF; AND
(4) APPROVING THE FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON DEBTOR'S PLAN OF LIQUIDATION

Washington First Financial Group, Inc. ("Debtor"), the Debtor in the above-captioned Chapter 11 case, hereby moves the Court for entry of an Order (1) Approving Debtor's First

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 1

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Disclosure Statement (Dkt. #14) and any amendments thereto; (2) Approving the Notice and Objection Procedures in Respect to Confirmation of Debtor's Plan of Liquidation ("Plan") and any amendments thereto; (3) Approving the Solicitation Package and Procedures for Distribution Thereof; and (4) Approving the Form of Ballot and Establishing Procedures for Voting on the Plan (the "Motion").

## Jurisdiction

This Court has jurisdiction to hear the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Sections 1125, 1126 and 1128 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Washington at Seattle (the "Local Rules") authorize the relief requested in this Motion.

## Procedural Background

On May 26, 2016, Washington First Financial Group, Inc. filed its voluntary Chapter 11 petition for relief. The Debtor is authorized to continue to manage its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On May 31, 2016, the Debtor filed its Disclosure Statement with respect to its proposed Plan of Liquidation ("Plan"). The hearing to approve the Proposed Disclosure Statement is scheduled for August 5, 2016, at 9:30 a.m. before Judge Timothy W. Dore.

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 2

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 2 of 16

**Relief Requested**

By this Motion and pursuant to Sections 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and Local Rule 3017-1, the Debtor seeks entry of an order (i) approving the proposed Disclosure Statement and any amendments thereto; (ii) approving the notice and objection procedures in respect of confirmation of the Plan; (iii) approving the Solicitation Package (as defined below) and procedures for distribution thereof; and (iv) approving the form of ballot and establishment of procedures for voting on the Plan. A proposed order granting the Debtor the foregoing relief is submitted concurrently herewith (the "Disclosure Statement Order").

## I. The Proposed Disclosure Statement Contains Adequate Information and Should be Approved.

Pursuant to Section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of liquidation. Specifically, Section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1); *see also Knupfer v. Wolfberg* (*In re Wolfberg*), 255 B.R. 879, 883 (9th Cir. B.A.P. 2000) (citing § 1125(a)(1) and noting that "adequate information" is "information of a kind, and in sufficient detail, . . . that would enable a hypothetical reasonable investor . . . to make an informed judgment about the plan"). Thus a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 3

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 3 of 16

impaired creditors entitled to vote on the plan. *See In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989). The bottom-line requirement of a disclosure statement is that it provides "all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan." *Duff v. United States Trustee (In re California Fidelity, Inc.)*, 198 B.R. 567, 571 (9th Cir. B.A.P. 1996); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (noting that a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution").[1]

The bankruptcy court has broad discretion to determine the adequacy of the information contained in a disclosure statement. "[T]he determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court." *Computer Task Group, Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (9th Cir. B.A.P. 2003) (citing *Texas Extrusion Corp. v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988)); *In re Oxford Homes,* 204 B.R. 264 (Bankr. D. Me. 1997).

Congress granted discretion to bankruptcy courts to facilitate effective liquidation of a debtor in the broad range circumstances that accompany Chapter 11 cases. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977); *see also In re Copy Crafters Quickprint Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards

---

[1] *Cf. Official Committee of Unsecured Creditors v. H.B. Michelson*, 141 B.R. 715, 718 (Bankr. E.D. Cal. 1991) ("[W]hether a disclosure statement required under [section 1125(b)] contains adequate information is a question of
bankruptcy law that is independent of non-bankruptcy law relating to disclosure.") (citing 11 U.S.C. § 1125(d)).

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 4

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 4 of 16

fair settlement through a negotiation process between informed interested parties"). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See Ringel Valuation Services, Inc. v. Shamrock Foods Co. (In re Arizona Fast Foods, LLC*, 299 B.R. 589 (Bankr. D.Ariz. 2003) ("Adequate information will be determined by the facts and circumstances of each case.") (citing *Oneida Motor Freight, Inc. v United Jersey Bank*, 848 F.2d 414,417 (3rd Cir. 1988)); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

In that regard, courts have provided lists of the type of information that should be addressed in a disclosure statement in order to provide adequate information, including: (1) the events which lead to the filing of the bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the Disclosure Statement; (5) a disclaimer; (6) the present condition of the Debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the persons responsible for such information; (10) the future management of the Debtor; (11) the Chapter 11 Plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations, or projections relevant to the creditors' decision to accept or reject the Chapter 11 Plan; (15) information relevant to the risks posed to creditors under the Plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 5

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

the Debtor; and (19) the relationship of the Debtor with any affiliates. *See In re United States Brass Corp.*, 194 B.R. 420 (Bankr. E.D. Tex. 1996); *In re Phoenix Petroleum Co.*, 278 B.R. at 393; *In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991); *In re Oxford Homes,* 204 B.R. at 260 (Bankr. D. Me. 1997); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988). This list is not meant to be exhaustive; nor must a debtor provide all the information on the list. Rather, the bankruptcy court must decide what is appropriate in each case. *See Phoenix Petroleum*, 278 B.R. at 393 (cautioning that "no one list of categories will apply in every case").

The Debtor submits that the proposed Disclosure Statement contains information with respect to the applicable subject matter identified above, including, but not limited to a discussion of: (a) a summary of the treatment of creditors and stakeholders under the Plan; (b) a description of the Debtor's assets and their value; (c) the scheduled claims; (d) the estimated return to creditors in a Chapter 7 liquidation; (e) the Chapter 11 Plan; (f) discussion of actual value of potential avoidable transfers; (g) the operation of the Debtor's businesses and reasons for the Chapter 11 filing; (h) key events leading to the commencement of the Debtor's Chapter 11 case; (i) events occurring during the Chapter 11 case; (j) risk factors to be considered; (k) voting procedures and requirements; (l) effect of confirmation of the Plan; (m) alternatives to confirmation and consummation of the Plan; and (n) known or anticipated tax consequences of the Plan.

Accordingly, the Debtor submits that the proposed Disclosure Statement contains all or substantially all of the information typically considered by bankruptcy courts and respectfully

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 6

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 6 of 16

request that the Court approve the proposed Disclosure Statement as having adequate information and meeting the requirements of Section 1125 of the Bankruptcy Code.

## II. Establishing Notice and Objection Procedures in Respect of Confirmation of the Plan.

### A. Setting the Confirmation Hearing

Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

In addition, pursuant to Bankruptcy Rules 2002(b) and 3017(c) and in view of the Debtor's proposed solicitation scheduled outlined herein, the Debtor requests that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled for **September 23, 2016, at 9:30 a.m.,** and that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules and will enable the Debtor to pursue confirmation of the Plan in a timely fashion.

### B. Establishing Procedures for Notice of the Confirmation Hearing

In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor proposes to provide all creditors and equity security holders a copy of a notice substantially in the form annexed to the Disclosure Statement Order as Exhibit B and incorporated herein by reference (the "Confirmation Hearing Notice"), setting forth (i) the Voting Deadline (as defined below), (ii) the

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 7

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 7 of 16

time fixed for filing objections to confirmation of the Plan (the "Plan Objection Deadline"), and (iii) the time, date and place for the Confirmation Hearing. Such notice will be sent on or before the Solicitation Date (as defined below).

The foregoing procedures will provide parties in interest with sufficient notice of the Plan Objection Deadline and Confirmation Hearing, and accordingly, should be approved.

**C. Establishing Procedures for the Filing of Objections to Confirmation of the Plan**

Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed.R.Bank.P. 3020(b)(1).

Local Rule 3020-1(b) requires that objections to confirmation of a plan of liquidation be filed and served not later than seven (7) days prior to the hearing on confirmation of such plan of liquidation. Due to the sheer volume of creditors, the Debtor requests that the deadline for filing an objection to confirmation of a plan of liquidation be amended to allow objections to be filed and served not later than fourteen (14) days prior to the hearing on confirmation of such plan of liquidation.

The Confirmation Hearing Notice provides, and the Debtor requests, that the Court direct that objections to confirmation of the Plan or proposed modifications to the Plan, if any, must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection or proposed modification; and (iv) be filed, together with proof of service, with the Court, and be served so that they are actually received by: (i) Jeffrey L. Smoot, Oles Morrison Rinker & Baker LLP, counsel for Debtor; and (ii) the Office of the U.S. Trustee, each at the addresses set forth in the Confirmation Hearing Notice, no later than 5:00 p.m. on September

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 8

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 8 of 16

23, 2016. By setting this date as the Plan Objection Deadline, this Court will be assured that parties in interest will have been provided with sufficient notice of the Plan Objection Deadline and that the Debtor will have sufficient time to consider and reply, if necessary, to any objections and proposed modifications to the Plan, while leaving this Court with sufficient time to consider any such objections and replies before the Confirmation Hearing.

If there are objections to confirmation, it will assist the Court and may expedite the Confirmation Hearing if the Debtor is authorized to file replies to any such objections. Accordingly, the Debtor requests that he be authorized to file and serve replies to any such objections by September 16, 2016. The Debtor respectfully requests that the Court approve these procedures for filing objections to the Plan and replies thereto pursuant to Bankruptcy Rule 3020.

**III. Approving Solicitation Packages and Procedures for Distribution Thereof.**

**A. Voting Classes**

Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of liquidation. Specifically, Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> 1) the plan or a court-approved summary of the plan;
> 2) the disclosure statement approved by the court;

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 9

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 9 of 16

> 3) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> 4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed.R.Bankr.P. 3017(d).

Once the Court approves the Proposed Disclosure Statement (as approved, the "Disclosure Statement") as containing adequate information pursuant to Section 1125 of the Bankruptcy Code, the Debtor proposes to mail or cause to be mailed solicitation packages (the "Solicitation Packages") by no later than August 16, 2016 (the "Solicitation Date"). Solicitation Packages distributed to creditors will contain a copy of (i) the Disclosure Statement Order (excluding the exhibits thereto), (ii) the Confirmation Hearing Notice, (iii) the appropriate form of ballot to accept or reject the Plan, in substantially the form annexed to the Disclosure Statement Order with instructions and together with a return envelope, (iv) the Disclosure Statement, which includes the Plan as an exhibit, and (v) such other materials as the Court may direct.

**B. Other Interested Parties**

In addition, the Debtor proposes to mail, or cause to be distributed on or before the Solicitation Date, the Disclosure Statement Order (excluding the exhibits thereto), the Confirmation Hearing Notice, the Disclosure Statement, and such other materials as this Court may direct to (i) the U.S. Trustee, and (ii) all parties having filed requests for notices in these cases.

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 10

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 10 of 16

The Debtor submits that it has shown good cause for implementing the proposed notice and service procedures.

**IV. Approving Forms of Ballots and Establishing Procedures for Voting on the Plan.**

A form of Ballot proposed by the Debtor is annexed to the Disclosure Statement as Exhibit 2. The Debtor requests that the Court approve the proposed form of Ballot and that the Court approve the following procedures for determining the amount and classification of claims for purposes of voting on the Plan:

(a) If a proof of claim has not been timely filed (i.e., was not filed by the applicable Bar Date), the claim shall be deemed allowed in an amount equal to the amount, if any, listed in respect of such claim in the Debtor's bankruptcy schedules and/or statement of financial affairs (the "Schedules", as may be amended from time to time), to the extent such claim is not listed as contingent, unliquidated, undetermined or disputed (subject to any applicable limitations set forth below). Such claim shall be placed in the appropriate class of the Plan based upon the Debtor's records and the classification scheme set forth in the Plan.

(b) If a proof of claim has been timely filed for a liquidated, non-contingent, non-disputed claim, and has not been objected to by September 16, 2016, the amount and classification shall be that specified in such proof of claim for voting purposes only and shall not be binding for any other purpose, subject to any applicable limitations set forth below.

(c) A claim which is the subject of an objection filed by September 16, 2016, and not resolved by the Voting Deadline shall be disallowed for voting purposes, except to the extent and manner that: (i) may be set forth in the objection; and (ii) such claim may be temporarily

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 11

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 11 of 16

allowed for voting purposes in accordance with Bankruptcy Rule 3018 and the procedures set forth in Section VI below, or by written agreement of the claimant and Debtor.

(d)     If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification shall be that set by the Court.

(e)     Creditors shall not be entitled to vote claims to the extent such claims duplicate or have been superseded by other claims timely filed by or on behalf of such creditors. The Debtor shall determine, in their discretion, whether a claim is duplicative or has been superseded for voting purposes only.

The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot that is properly completed, executed, and timely returned to the Debtor's attorney but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan; (ii) any Ballot received after the Voting Deadline unless the Debtor shall have granted an extension of the Voting Deadline in writing with respect to such Ballot; (iii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iv) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (v) any unsigned Ballot or Ballot which does not contain a signature; (vi) any Ballot cast by a creditor whose claim either is not listed, or is listed as "zero" or "unknown" amount (or similarly listed), or is listed as a disputed, contingent, or unliquidated claim on the Schedules, for which no proof of claim was timely filed; and (vii) any Ballot cast by a creditor whose claim either is not listed, or is listed as "zero" or "unknown" amount (or similarly listed), or is listed as a disputed, contingent, or

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 12

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 12 of 16

unliquidated claim on the Schedules, for which a proof of claim is timely filed but for which the holder did not obtain an order temporarily allowing its claim.

Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Debtor anticipates completing mailing of the Solicitation Packages by the Solicitation Date. Based on such schedule, the Debtor proposes that, in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and delivered to the Debtor's attorney (i) by first-class mail, in the return envelope provided with each Ballot or (ii) by facsimile; or (iii) by email, such that it is actually received by the Debtor's attorney no later than 5:00 p.m. on September 16, 2016 (the "Voting Deadline"), which is at least twenty-eight (28) days after the Solicitation Date. The Debtor submits that such solicitation period provides sufficient time for creditors to make an informed decision whether to accept or reject the Plan.

### V. Approval of Establishing Procedures for Vote Tabulation.

Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditor, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

The Debtor requests that (i) whenever a creditor casts more than one Ballot voting the same claims(s) before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent and will supersede any prior Ballots, and (ii) creditors

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 13

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 13 of 16

must vote all of their claims within a particular class under the Plan either to accept or reject the Plan and may not split their vote(s).

The Debtor further proposes that the following Ballots not be counted or considered in determining whether the Plan has been accepted or rejected: (i) any Ballot that is properly completed, executed, and timely returned to the Debtor's attorney but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan; (ii) any Ballot received after the Voting Deadline unless the Debtor shall have granted an extension of the Voting Deadline in writing with respect to such Ballot; (iii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iv) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (v) any unsigned Ballot or Ballot which does not contain a signature; (vi) any Ballot cast by a creditor whose claim either is not listed, or is listed as "zero" or "unknown" amount (or similarly listed), or is listed as a disputed, contingent, or unliquidated claim on the Schedules, for which no proof of claim was timely filed; and (vii) any Ballot cast by a creditor whose claim either is not listed, or is listed as "zero" or "unknown" amount (or similarly listed) or is listed as a disputed or is subject to an objection, or is contingent, or unliquidated claim on the Schedules, for which a proof of claim was timely filed but for which the holder did not obtain an order temporarily allowing its claim.

### VI. Approval of Procedures for Temporary Allowance of Claims for Voting Purposes.

Bankruptcy Rule 3018 provides that, "notwithstanding an objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 14

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 14 of 16

the court deems proper for the purpose of accepting or rejecting a plan." Fed.R.Bankr.P. 3018(a).

The Debtor requests that the Court enter an order approving the following procedures for determining whether a claim or interest will be temporary allowed for voting purposes. The Debtor will file objections to claims for voting purposes and certain other substantive purposes by August 16, 2016 (the "Claims Objection Deadline"). If an objection for voting purposes is filed on or before the Claims Objection Deadline, the relevant claimant will not be entitled to vote on the Plan, unless such claimant files a motion on or before August 23, 2016 (the "Temporary Allowance Deadline") seeking temporary allowance of its claim for voting purposes only and obtains an order from the Court granting such motion, or such objection is withdrawn. The Court will conduct a hearing beginning on September 9, 2016, at 9:30 a.m. (the "Temporary Allowance Motion Hearing Date") to consider all temporary allowance motions. A temporary allowance motion is required to set forth with particularity the amount and classification at which such claimant believes its claim should be allowed for voting purposes and the evidence in support of that belief, otherwise such motion shall be deemed invalid.

The Debtor further proposes that if this Court has not temporarily allowed all or a portion of such claim for voting purposes pursuant to Bankruptcy Rule 3018(a) on or before the Temporary Allowance Motion Hearing Date, that such claim will not be counted for voting purposes.

In addition, if a creditor reaches an agreement with the Debtor as to the amount and classification of its otherwise disputed claim, for voting purposes, the creditor and Debtor will file a stipulation setting forth that agreement may be presented to the Court for approval by notice

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 15

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 15 of 16

of a proposed stipulation and order at or before the Confirmation Hearing. Subject to the Court's approval, such claim will be counted for purposes of accepting or rejecting the Plan in the amount agreed to by the Debtor and such creditor(s) in the stipulation.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as it may deem just and appropriate.

Respectfully submitted this 6th of July 2016.

OLES MORRISON RINKER & BAKER LLP

By: */s/ Jeffrey L. Smoot*
Jeffrey L. Smoot, WSBA #39335
Melia A. Preedy, WSBA #47940
Attorneys for Debtor

MOTION FOR ORDER APPROVING
DEBTOR'S DISCLOSURE STATEMENT - 16

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Case 16-12848-TWD    Doc 15    Filed 07/06/16    Ent. 07/06/16 15:39:59    Pg. 16 of 16