# EXHIBIT 1

Jeffrey L. Smoot, WSBA #39335
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101
(206) 623-3427

Judge Timothy W. Dore
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE DIVISION

In re:

WASHINGTON FIRST FINANCIAL GROUP, INC.,

Debtor.

No. 16-12848-TWD

**DEBTOR'S ~~FIRST~~ SECOND AMENDED PLAN OF LIQUIDATION**

Washington First Financial Group, Inc. ("Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, proposes the following Plan of Liquidation pursuant to Section 1121(a) of the Bankruptcy Code:

## ARTICLE 1.

## DEFINITION OF TERMS

Unless specifically modified elsewhere under the terms of the Plan or the context requires otherwise, the following terms shall have the following meanings when used in initially capitalized form in the Plan. Such meanings shall be equally applicable to both the singular and plural forms of such terms. Any term used in capitalized form that is not defined in the Plan but that is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning ascribed to such term by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (with the

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

Bankruptcy Code controlling in the case of a conflict or ambiguity). The rules of construction set forth in Section 102 of the Bankruptcy Code shall apply in construction of the Plan. All references to the "Plan" herein shall be construed, where applicable, to include references to this document and all its exhibits, appendices, schedules, the FDIC Settlement Agreement, the Liquidating Trust and any annexes to the Plan (and any amendments thereto made in accordance with the Bankruptcy Code).

1.1. "Administrative Expense" means (a) any cost or expense of administration of the Bankruptcy Case under Section 503(b) of the Bankruptcy Code including, but not limited to (1) any actual and necessary postpetition cost or expense of preserving the Estate or operating the business of the Debtor, (2) any payment to be made under the Plan to cure a default on any assumed executory contract or unexpired lease, (3) any postpetition cost, indebtedness or contractual obligation duly and validly incurred or assumed by the Debtor in the ordinary course of business, and (4) compensation or reimbursement of expenses of professionals to the extent allowed by the Bankruptcy Court under Sections 330(a) or 331 of the Bankruptcy Code, and (b) any fee or charge assessed against the Estate under 28 U.S.C. § 1930.

1.2. "Administrative Claim" means any claim for the payment of an Administrative Expense.

1.3. "Affiliate" shall have the meaning ascribed to such term in Section 101(2) of the Bankruptcy Code.

1.4. "Allowed" means, with respect to any Claim, (a) any Claim, proof of which was timely filed with the Bankruptcy Court, or, by order of the Bankruptcy Court, was not required to be filed, or (b) any Claim that has been, or hereafter is, listed in the Schedules as liquidated in amount and not disputed or contingent, and, in (a) and (b) above, as to which either (1) no objection to the allowance thereof has been filed within the applicable period of limitation fixed

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court or (2) the Claim has been allowed by a Final Order (but only to the extent so allowed).

1.5. "Allowed Amount" means the dollar amount in which a Claim is Allowed.

1.6. "Bankruptcy Case" means the case of Washington First Financial Group, Inc. currently pending under Chapter 11 of the Bankruptcy Code before the Bankruptcy Court.

1.7. "Bankruptcy Code" or "Code" means the Bankruptcy Code enacted November 6, 1978, as set forth in Title 11 of the United States Code, and as amended thereafter.

1.8. "Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the Western District of Washington, at Seattle, before which the Bankruptcy Case is pending, or if that Court ceases to exercise jurisdiction over the Bankruptcy Case, or as the context requires, the District Court.

1.9. "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as in effect on the Petition Date, together with all amendments and modifications thereto that were subsequently made applicable to the Bankruptcy Case.

1.10. "Beneficiaries" means the beneficiaries of the Liquidating Trust Agreement, as defined in Section 2.1(a) of such Trust Agreement.

1.11. "Business Day" means any day other than a Saturday, a Sunday, a "legal holiday" (as defined in Bankruptcy Rule 9006(a)) or any other day on which banking institutions in Seattle, Washington are required or authorized to close by law or executive order.

1.12. "Cash" means legal tender of the United States of America or equivalents thereof, including, without limitation, payment in such tender by check, wire transfer or any other customary payment method.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

1.13. "Claim" means any claim against the Debtor as defined in Section 101(5) of the Bankruptcy Code.

1.14. "Collateral" means any property or interest in property of the Estate subject to a Lien, charge or other encumbrance to secure the payment or performance of a Claim, which Lien, charge or other encumbrance is not subject to avoidance or otherwise invalid under the Bankruptcy Code or other applicable law.

1.15. "Confirmation" or "Confirmation of the Plan" means the approval of the Plan by the Bankruptcy Court at the Confirmation Hearing.

1.16. "Confirmation Date" means the date on which the Confirmation Order is entered on the docket of the Bankruptcy Court.

1.17. "Confirmation Hearing" means the hearing(s) which will be held before the Bankruptcy Court in which the Plan Proponent will seek Confirmation of the Plan.

1.18. "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 and other applicable sections of the Bankruptcy Code.

1.19. "Debtor" or "WFFG" means Washington First Financial Group, Inc., the debtor in the above-captioned case, whether acting in its capacity as debtor, or debtor-in-possession.

1.20. "Debtor in Possession" means Washington First Financial Group, Inc., who may also be referred to as "Debtor".

1.21. "Disbursement Agent" means any Person in its capacity as a disbursement agent under Section 8.4 hereof.

1.22. "Disclosure Statement" means the Debtor's Disclosure Statement, including all amendments, exhibits, appendices, schedules, and annexes attached thereto, as submitted by the Plan Proponent.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

1.23. “Disputed Claim” means any Claim for which a filed or scheduled claim of an alleged creditor was listed in the Debtor’s schedules as “disputed,” or that has not been Allowed as to which (a) a Proof of Claim has been filed with the Bankruptcy Court, or is deemed filed under applicable law or order of the Bankruptcy Court, and (b) an objection has been or may be timely filed within the time set by the Court or by the Bankruptcy Rules, or deemed filed under applicable law and any such objection has not been (1) withdrawn, (2) overruled or denied by a Final Order or (3) granted by a Final Order. For purposes of the Plan, a Claim that has not been Allowed shall be considered a Disputed Claim, whether or not an objection has been or may be timely filed, if (A) the amount of the Claim specified in the Proof of the Claim exceeds the amount of any corresponding Claim scheduled in the Schedules, (B) the classification of the Claim specified in the Proof of Claim differs from the classification of any corresponding Claim scheduled in the Schedules, (C) any corresponding Claim has been scheduled in the Schedules as disputed, contingent or unliquidated, (D) no corresponding Claim has been scheduled in the Schedules or (E) such Claim is reflected as unliquidated or contingent in the Proof of Claim filed in respect thereof.

1.24. “District Court” means the United States District Court for the Western District of Washington, at Seattle, or the unit thereof having jurisdiction over the matter in question.

1.25. “D&Os” means the following current and former directors and officers of Washington First Financial Group, Inc. and its Subsidiaries, who are parties to the FDIC Settlement Agreement: Patrick J. Burke, Charles W. Haley, H. Arnold Huang, W. Elizabeth Huang, Agnes Kwan, Wayne Lau and Jerry Matthewson.

1.26. “Effective Date” means the first Business Day on which all the conditions precedent to the Effective Date specified in Article 9 hereof shall have been satisfied or waived as provided in Section 9.2 hereof and upon the filing of a notice by the Debtor of the occurrence

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

of the Effective Date; provided, however, that if a stay, injunction or similar prohibition of the Confirmation Order is in effect, the Effective Date shall be the first Business Day after such stay, injunction or similar prohibition is no longer in effect.

1.27. "Entity" means any Person, estate, trust, Governmental Unit, or the United States Trustee.

1.28. "Environmental Claim" means any Claim, asserted by any Entity, arising out of, or related to, any Environmental Law, including, but not limited to, any Claim: (a) to restrict or enjoin, or recover damages, costs or expenses to remedy any release, environmental pollution, contamination or nuisance or to require the Debtor to remedy or to reimburse, pay or incur costs to remedy any release, environmental pollution, contamination or any nuisance, (b) to remedy, reimburse, compensate or pay any damage, penalty, fine or forfeiture for, or to restrict or enjoin any violation of or alleged violation of, any Environmental Law, (c) to pay any contractual claim with respect to any Environmental Law or (d) to pay or reimburse any Entity for personal injury (including worker's compensation, sickness, disease or death), tangible or intangible property damage or natural resource damage arising out of, or relating to, any release, environmental pollution, contamination or nuisance, whether or not contemplated in paragraphs (a) through (c) above.

1.29. "Environmental Laws" means (a) the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986, 42 U.S.C. §§ 9601, *et seq.*, (b) the Resource Conservation and Recovery Act, as amended by the Hazardous and Solid Waste Amendment of 1984, 42 U.S.C. §§ 6901, *et seq.*, (c) the Clean Air Act, 42 U.S.C. §§ 7401, *et seq.* (d) the Clean Water Act of 1977, 33 U.S.C. §§ 1251, *et seq.*, (e) the Toxic Substances Control Act, 15 U.S.C. §§ 2601, *et seq.*, (f) all statutes or laws issued or promulgated by any Governmental Unit, as they may be

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

amended from time to time, relating to environmental contamination or pollution, air pollution, water pollution, noise control and/or the handling, discharge, existence, release, disposal or recovery of on-site or off-site hazardous, toxic or dangerous wastes, substances, chemicals or materials, and (g) the ordinances, rules, regulations, orders, notices of violation, requests, demands and requirements issued or promulgated by any Governmental Unit in connection with such statutes or laws.

1.30. "Estate" means the bankruptcy estate of Debtor created pursuant to Section 541 of the Bankruptcy Code.

1.31. "Equity Interest" means the interest of any holders of equity securities of the Debtor represented by issued and outstanding shares of common stock or other instruments evidencing a present ownership interest in the Debtor, whether or not transferable, or any option, warrant, or right, contractual or otherwise, to acquire any such interest.

1.32. "FDIC" means the Federal Deposit Insurance Corporation, in its corporate capacity.

1.33 "FDIC-R" means the Federal Deposit Insurance Corporation, as Receiver for Washington First International Bank.

1.33. "FDIC Settlement Agreement" means the Settlement Agreement dated effective April 29, 2016, by and among the FDIC, the Debtor, WF Capital, the LLC Subsidiaries, and the D&Os. A copy of the FDIC Settlement Agreement is annexed to the Disclosure Statement as Exhibit 5. If the FDIC Settlement Agreement is not approved by separate Court Order prior to Confirmation of the Plan, it will be deemed approved upon Confirmation.

1.34. "Final Order" means an order or judgment of the Court as to which the time for appeal has expired without a notice of appeal having been filed or as to which any appeal therefrom has been resolved.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

1.35. "Indemnified Person" has the meaning assigned to such term in Section 10.11 of this Liquidation Plan.

1.36. "Indemnity Claims" means all of the rights and claims of the D&Os whatsoever against any one or more of the Companies, including, but not limited to, any claim for indemnity or reimbursement and any other claim seeking to recover payments or other personal contributions made to FDIC-R, as receiver for Washington First International Bank ("WFIB"), to settle director and officer liability claims against them as officers and directors of WFIB including, but not limited to any payment, indemnification or reimbursement from the Debtor, for or with respect to the $450,000 paid by them to the FDIC-R from their personal funds to complete the settlement with the FDIC-R, entered into as of May 24, 2013, for WFIB, a former subsidiary of Debtor.

1.37. "IRC" means the Internal Revenue code of 1986, as amended.

1.38. "LLC Subsidiaries" means WF Capital's wholly owned subsidiaries, Sapphire RE Property Holdings, LLC; Sapphire RE Property Holdings 3, LLC; and Del Oro Properties LLC, which were merged into WF Capital effective May 6, 2016.

1.39. "Lien" means, with respect to any asset or property, any mortgage, lien, pledge, charge, security interest, encumbrance or other security device of any kind pertaining to or affecting such asset or property.

1.40. "Liquidating Trust" means the trust proposed to be created for the benefit of all secured and unsecured creditors to be funded by the assets of the Debtor.

1.41. "Liquidating Trust Agreement" means the proposed Washington First Financial Group, Inc. Liquidating Trust Agreement, which is attached to the Disclosure Statement as Exhibit 8 and incorporated in this Plan as though fully set forth herein. To the extent there is

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

any conflict between the terms of the Plan and the Liquidating Trust Agreement, the Plan shall control.

1.42. "Liquidating Trustee" means the trustee appointed to administer the Liquidating Trust.

1.43. "Person" means any person, individual, partnership, corporation, limited liability company, joint venture company, association or other entity or being of whatever kind, whether or not operating or existing for profit, including but not limited to, any "person" as such term is defined in Section 101 (41) of the Bankruptcy Code, but excluding any governmental unit.

1.44. "Petition Date" means the date upon which the Debtor filed its Chapter 11 Petition commencing the Bankruptcy Case.

1.45. "Plan" or "Liquidation Plan" means this Plan of Liquidation, including the Plan Documents and any other exhibits, schedules and various agreements incorporated in the Plan including, but not limited to, the FDIC Settlement Agreement and the Liquidating Trust Agreement, and as the Plan may be amended or modified from time to time pursuant to order of the Bankruptcy Court.

1.46. "Plan Documents" means all documents, attachments and exhibits, and any amendments thereto made in accordance with the Bankruptcy Code, that aid in effectuating the Plan.

1.47. "Plan Proponent" means the Debtor.

1.48. "Priority Claim" means any Claim (other than an Administrative Expense Claim or a Priority Tax Claim) to the extent such Claim is entitled to a priority in payment under Section 507(a) of the Bankruptcy Code.

1.49. "Priority Tax Claim" means an Allowed Claim of a governmental unit for the principal amount of a tax within the meaning of Section 507(a)(8) of the Code.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

1.50. “Pro Rata” means proportionally so that the ratio of the amount distributed on account of a particular Allowed Claim to the amount of such Allowed Claim is the same as the ratio of the amount distributed on account of all Allowed Claims in the Class of which such particular Allowed Claim is a member to the total amount of all Allowed Claims or in such Class.

1.51. “Proof of Claim” means any proof of claim filed with the Bankruptcy Court or its duly appointed claims agent with respect to the Debtor pursuant to Bankruptcy Rules 3001 or 3002.

1.52. “Released Parties” ~~shall include~~means all estate fiduciaries, specifically current and former directors and officers who worked on the FDIC Settlement Agreement and/or served during the Chapter 11 Bankruptcy case ~~of the current and former directors, officers and employees of WFFG, WFC and its current and former subsidiaries (including, but not limited to the LLC Subsidiaries), including, but not limited to the D&Os, and their respective heirs, legatees, beneficiaries, executors, administrators, agents, attorneys, representatives, spouses, successors and assigns~~.

1.53. “Schedules” means the Schedules, Statements and Lists filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as they have been and may be amended or supplemented from time to time.

1.54. “Secured Claim” means any Claim that is (a) secured in whole or part, as of the Petition Date, by a Lien which is valid, perfected and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law, or (b) subject to setoff under Section 553 of the Bankruptcy Code, but, with respect to both (a) and (b) above, only to the extent of the value, net of senior Liens, of the particular Estate’s interest in the assets or property securing any such Claim or the amount subject to setoff, as the case may be.

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

1.55. "Subsidiary" means, with respect to any Person, any other Person as to whom such first Person directly or indirectly (a) owns or controls the majority of equity interests, (b) owns or controls the majority of voting interests or (c) has the power to elect or nominate a majority of the board of directors (or other persons having similar functions).

1.56. "Unclassified Claims" means an Allowed Claim described in Section 507(a)(2), (a)(3), or (a)(8) of the Bankruptcy Code or as delineated in the Plan.

1.57. "United States Trustee" means the United States Trustee for the Western District of Washington.

1.58. "Unsecured Claim" means any Claim (regardless of whether such Claim is covered by insurance) that is neither secured nor entitled to priority under the Bankruptcy Code, including, but not limited to: (a) any Claim arising from the rejection of an executory contract or unexpired lease under Section 365 of the Bankruptcy Code, and (b) any portion of a Claim to the extent that the value of the holder's interest in the Estate's interest in the property securing such Claim is less than the amount of the Claim, or to the extent that the amount of the Claim subject to setoff is less than the amount of the Claim, as determined pursuant to Section 506(a) of the Bankruptcy Code.

1.59. "WF Capital" means WF Capital, Inc., a Washington corporation, a former subsidiary of WFFG, which was merged into WFFG effective May 6, 2016.

## ARTICLE 2

## IDENTIFICATION AND TREATMENT OF UNCLASSIFIED CLAIMS

2.1. Unclassified Claims. Under Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not classified.

2.2. Administrative Claims. Each holder of an Administrative Claim allowed under Section 503 of the Code will be paid in full on or before the Effective Date, or upon entry of a

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

court order allowing such Claim, whichever shall occur later, unless the holders of such Claims agree to different treatment in writing thereafter until a Final Order has been entered. Approved compensation and reimbursement to attorneys and other professionals will be paid first from pre-petition retainers held in trust, then by Debtor from the assets of the Estate, and then from the Liquidating Trust prior to distribution to Unsecured Creditors.

2.3. Allowed Priority Claims. Allowed priority claims pursuant to 11 U.S.C. §§ 507(a)(2), (a)(3), and (a)(8) shall be paid as respectively provided for pursuant to 11 U.S.C. § 1129(a)(9)(A) and (C).

2.4. Priority Tax Claims. Each holder of an Allowed Priority Tax Claim will be paid in regular installment payments in cash, of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such claim, over a period not to exceed five years after the date of the order for relief under section 301, 302 or 303, and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under section 1122(b)).

2.5. United States Trustee Fees. All United States Trustee fees required to be paid by 28 U.S.C. § 1930(a)(6) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

**ARTICLE 3**

**CLASSIFICATION OF CLAIMS**

A. Generally. Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims. A Claim is classified in a particular class only to the extent

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

that the Claim qualifies within the description of the class and is classified in a different class to the extent the Claim qualifies within the description of that different class.

B. Unclassified Claims. In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not classified and are excluded from the below-listed Classes. Treatment of Unclassified Claims is provided for in Article 2 of the Plan.

C. Classes.

The following is a designation of Classes of Claims:

Class 1. Class 1 consists of creditors 2nd Street LLC, Michael Ching Kit and Margaret Kit Man Kwan, and Mei Hwa Ting, holders of promissory notes secured by percentage interests in the Net Loan Proceeds of three loans owed to the Debtor described more fully in Article 4.1(a), below. This Class is impaired.

Class 2. Class 2 consists of Allowed Claims of General Unsecured Creditors of the Debtor, including the FDIC, and the amounts, if any, by which any Allowed Claim of the creditors included in Class 1, exceed the value of their respective Collateral, as approved by the Court pursuant to Section 4.1(b). This Class is impaired.

Class 3. Class 3 consists of holders of Equity Interests of the Debtor. This Class is impaired.

Class 4. Class 4 consists of the Indemnity Claims of the D&Os. This Class is impaired.

**ARTICLE 4**

**TREATMENT OF CLAIMS UNDER THE PLAN**

Claims, other than Unclassified Claims, shall be treated in the manner set forth in this Article 4. Except as specifically provided elsewhere in the Plan, the treatment of, and the consideration to be received by, holders of Allowed Claims pursuant to the Plan shall be in full

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

satisfaction, settlement, release, extinguishment and discharge of the respective Allowed Claims.

4.1. Class 1. The Class 1 Secured Claims of 2nd Street LLC, Michael Ching Kit and Margaret Kit Man Kwan, and Mei Hwa Ting, will be paid from the proceeds of the Collateral securing their promissory notes, as follows:

(a) The Claim of 2nd Street LLC is secured by twenty-eight percent (28%) of the Net Loan Proceeds of the Wasco #01, Wasco #03 and Bingo #1 loans (the "Wasco/Bingo Loans"). The Claim of Michael Ching Kit and Margaret Kit Man Kwan is secured by twelve percent (12%) of the Net Loan Proceeds of the Wasco/Bingo Loans. The Claim of Mei Hwa Ting is secured by ten percent (10%) of the Net Loan Proceeds of the Wasco/Bingo Loans. For purposes of this Plan, "Net Loan Proceeds" means the Cash distributions the holders of such Secured Claims.are entitled to receive from Sentosa Properties LLC ("Sentosa"), pursuant to the Distribution Agreement between Debtor and Sentosa dated February 26, 2012.

(b) Holders of Allowed Class 1 Secured Claims will retain their security interest in the Collateral up to the value of the Collateral as determined by the Bankruptcy Court until such time as the Claim is satisfied or otherwise resolved pursuant to the Bankruptcy Code.

(c) Holders of Allowed Class 1 Secured Claims will be Beneficiaries of the Liquidating Trust to be established pursuant to Article 7 of this Plan, and entitled to participate in the distributions from the Liquidating Trust described in Article 8, to the extent that their claim exceeds the value of the collateral securing their claim, unless the secured creditor elects to have its claim treated under Section 1111(b) of the Bankruptcy Code.

4.2. Class 2. The Allowed Class 2 General Unsecured Claims will be Beneficiaries of the Liquidating Trust to be established pursuant to Article 7 of this Plan, and entitled to participate in the distributions from the Liquidating Trust described in Article 8.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

4.3. Class 3. The Class 3 Claims of holders of Equity Interests of the Debtor will receive no distribution under the Plan. Pursuant to the terms of the FDIC Settlement Agreement, all previously issued and outstanding shares of the capital stock of the Debtor, including all shares of its common stock, are deemed canceled as of the Confirmation Date.

4.4. Class 4. The Class 4 Indemnity Claims of the D&Os will receive no distribution under the Plan. Pursuant to the terms of the FDIC Settlement Agreement, the D&Os have agreed, upon Plan Confirmation, to release and not file any indemnity or other claims against the Estate seeking to recover payments or other personal contributions made to the FDIC.

4.5. Impaired Classes. All Classes of Claims under the Plan are impaired.

4.6. Other Unclassified Claims and Demands. None known.

**ARTICLE 5**

**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

5.1. Assumption, Assignment and Rejection of Unexpired Lease and Executory Contracts. The Debtor is not a party to any known unexpired leases or executory contracts other than the FDIC Settlement Agreement. To the extent a creditor asserts and the Bankruptcy Court finds that the Debtor is a party to an unexpired lease or executory contract, such unexpired lease or executory contract shall be treated as follows:

(a) Assumption. The Debtor shall, within thirty (30) days after entry of any Final Order determining any agreement to be either an unexpired lease or executory contract, either seek approval to either (i) assume the unexpired lease or executory contract; or, (ii) reject the unexpired lease or executory contract. The FDIC Settlement Agreement shall, upon Confirmation, be deemed to be assumed. Any unexpired lease or executory contract not assumed or rejected by the Confirmation Date shall be deemed to be rejected.

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

(b) Reservation. Notwithstanding anything in Section 5.1 of the Plan to the contrary, Section 5.1 shall not apply to any unexpired lease or executory contract that is treated otherwise under the Plan.

5.2. Rejected Unexpired Leases And Executory Contracts. Rejected unexpired leases and executory contracts shall be treated as non-priority unsecured claims in accordance with Section 5.3 of the Plan.

5.3. Damages Upon Rejection. The Bankruptcy Court shall determine the dollar amount, if any, of the Claim of any Entity seeking damages by reason of the rejection of any executory contract or unexpired lease; provided, however, that such Entity must have timely filed a Proof of Claim with the Bankruptcy Court. To the extent any such Claim is Allowed by the Bankruptcy Court by Final Order, such Claim shall become, and shall be treated for all purposes under the Plan as, a non-priority general unsecured claim of the Debtor, and the holder thereof shall receive distributions as a holder of an Allowed Claim in Class 2.

**ARTICLE 6**

**ACCEPTANCE OR REJECTION OF THE PLAN**

6.1. Each Impaired Class Entitled to Vote Separately. The holders of Claims in each impaired class of Claims shall be entitled to vote separately to accept or reject the Plan.

6.2. Acceptance By Impaired Classes of Claims. Pursuant to Section 1126(c) of the Bankruptcy Code, an impaired class of Claims shall have accepted the Plan if (a) the holders of at least two-thirds in dollar amount of the Allowed Claims actually voting in such class (other than Claims held by any holder designated pursuant to Section 1126(e) of the Bankruptcy Code) have voted to accept the Plan and (b) more than one-half in number of such Allowed Claims actually voting in such class (other than Claims held by any holder designated pursuant to Section 1126(e) of the Bankruptcy Code) have voted to accept the Plan.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

## ARTICLE 7

## IMPLEMENTATION OF THE PLAN

7.1. Liquidating Trust. A Liquidating Trust shall be created for the benefit of all secured and unsecured creditors, including the FDIC, that is funded by the assets of the Debtor as of the Petition Date, including assets gained through the collapse of the Debtor's and WF Capital's corporate structure into the Merger described in the FDIC Settlement Agreement, less amounts necessary to fund administration of the Chapter 11 Estate, including but not limited to payment of allowed priority, administrative expense claims including attorney fees and reimbursement of expenses approved by the Court, United States Trustee fees, and secured claims.

7.2. Liquidating Trustee. The Liquidating Trustee will be appointed subject to approval by the Bankruptcy Court. The Liquidating Trustee will be authorized to perform acts including, but not limited to, making interim and final distributions on Allowed Unsecured Claims and establishing reserves for use by the Liquidating Trust, as set forth in the Liquidating Trust Agreement, a copy of which is attached to the Disclosure Statement as Exhibit 6 and incorporated in this Plan as though fully set forth herein. The Bankruptcy Court will retain post-confirmation jurisdiction over the actions of the Liquidating Trustee, and the Liquidating Trustee will be required to file and serve a notice of any proposed asset sale or distribution at least 21 days prior to such sale or distribution, to permit the US Trustee or any objecting creditor to object and, if necessary, move to reopen the case following administrative closure, so the objection can be heard. The expenses of the Liquidating Trust, including compensation of the Liquidating Trustee, shall be paid out of the Liquidating Trust, subject to Bankruptcy Court approval. In the event of a conflict between the terms of the Liquidating Trust Agreement and the Plan, the Plan will control.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

7.3.    Plan Distributions.

(a)    As soon as practicable after the Effective Date, the Liquidating Trustee shall distribute to the holders of Class 2 claims the net remaining Cash held by the Debtor, after: (i) payment of the amounts to be paid on the Effective date to holders of certain Unclassified Claims, as provided in Section 2.2 and 2.5; and, (ii) payment to the Liquidating Trustee, to hold for the benefit of the Claims Reserve Account and Reserve for Costs of Administration, as those terms are defined in Sections 4.3 and 4.4, respectively, in the Liquidating Trust Agreement, in amounts to be determined by the Court in the Confirmation Order.

(b)    The Liquidating Trustee shall distribute to the holders of Allowed General Unsecured Claims, provided that any such distribution is not unduly burdensome, Pro Rata in accordance with such holders' relative Beneficial Interests in the Liquidating Trust, the balance of its net income and the net proceeds from the sale of Trust Assets; provided, however, that any such distribution shall only be made after (i) reserves in the Claims Reserve Account are fully funded; and (ii) the Liquidating Trustee has retained an amount reasonably necessary to fund the Reserve for Costs of Administration, as provided for in the Liquidating Trust Agreement.

7.4.    Unclaimed Property.    Under the terms of the Liquidating Trust Agreement, the Liquidating Trustee may withhold from amounts distributable to any person any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other governmental requirement.

To the extent not otherwise provided in the Liquidating Trust Agreement, any cash, assets, and other property to be distributed under the Plan that remain unclaimed (including by an Entity's failure to negotiate a check issued to such Entity) or otherwise not deliverable to the Entity entitled thereto before the later of (a) one year after distribution or (b) 120 calendar days

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

after an order allowing such Entity's Claim becomes a Final Order, shall result in cancellation of such Entity's Claim to the extent of the unclaimed amount. In such event, such Entity's Claim shall no longer be deemed to be Allowed and such Entity shall be deemed to have waived its rights to such payments or distributions under the Plan pursuant to Section 1143 of the Bankruptcy Code and shall have no further Claim in respect of such distribution and shall not participate in any further distributions under the Plan with respect to such Claim.

7.5 Further Authorization. The Debtor, if and to the extent necessary, shall seek such orders, judgments, injunctions and rulings that any of them deem necessary to carry out further the intentions and purposes of, and give full effect to the provisions of, the Plan.

7.6. Transfer Taxes. The issuance, transfer, or exchange of any of the securities issued under, or the transfer of any other assets or property pursuant to the Plan or the making or delivery of an instrument of transfer under the Plan shall not (and the Confirmation Order shall so order), pursuant to Section 1146 of the Bankruptcy Code, be taxed under any law imposing a stamp tax, transfer tax or other similar tax.

7.7. Recordable Order. The Confirmation Order shall be declared to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications or other supporting documents.

7.8. Effectuating Documents and Further Transactions. The Debtor and Liquidating Trustee shall be authorized to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

7.9. Compromise of Controversies. In consideration for the distributions and other benefits provided under this Liquidation Plan, including the Liquidating Trust, the provisions of

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

this Liquidation Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under this Liquidation Plan and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromises and settlements under Bankruptcy Rule 9019.

## ARTICLE 8

## PROVISIONS GOVERNING DISTRIBUTIONS

8.1. Date of Distributions on Account of Allowed Claims. Unless otherwise provided herein, any distributions and deliveries to be made under this Liquidation Plan shall be made on the Effective Date or as soon as practicable thereafter. In the event that any payment or act under this Liquidation Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

8.2. Sources of Cash for Plan Distribution. Except as otherwise provided in this Liquidation Plan or Confirmation Order, all Cash required for the payments to be made hereunder shall be obtained from the Debtor's Estate, the Liquidation Trustee's liquidation of Trust Assets, as that term is defined in the Liquidating Trust Agreement, and Cash on hand.

8.3. Time Bar to Cash Payments. Checks issued in respect of Allowed Claims shall be null and void if not negotiated within one hundred eighty (180) days after the date of issuance thereof. Requests for reissuance of any voided check shall be made directly to the Debtor by the holder of the Allowed Claim to whom such check was originally issued. Any Claim in respect of such a voided check shall be made on or before the first anniversary of the date on which such distribution or payment was made. If no Claim is made as provided in the preceding sentence, all Claims in respect of void checks shall be discharged and forever barred and such

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

unclaimed distributions shall revert to the Debtor, notwithstanding any federal or state escheat laws to the contrary.

8.4. Disbursement Agent. The Liquidating Trustee, as Disbursement Agent, or such other Person or Persons designated by the Liquidating Trustee as Disbursement Agent, shall make all distributions under this Liquidation Plan from and after the Effective Date. A Disbursement Agent shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court.

8.5. Record Date for Distribution. Distributions shall only be made to the record holders of Allowed Claims as of the Confirmation Date. On the Confirmation Date, at the close of business for the relevant register, all registers maintained by the Debtor and its respective agents, successors and assigns, including the Liquidating Trustee, shall be deemed closed for purposes of determining whether a holder of such a Claim is a record holder entitled to distributions under this Liquidation Plan. The Debtor and its respective agents, successors and assigns, including the Liquidating Trustee, shall have no obligation to recognize, for purposes of distributions pursuant to or in any way arising from this Liquidation Plan (or for any other purpose), any Claims that are transferred after the Confirmation Date. Instead, they shall be entitled to recognize only those record holders set forth in the registers as of the Confirmation Date, irrespective of the number of distributions made under this Liquidation Plan or the date of such distributions. Furthermore, if a Claim is transferred twenty (20) or fewer calendar days before the Confirmation Date, the Disbursement Agent shall make distributions to the transferee only if the transfer form contains an unconditional and explicit certification and waiver of any objection to the transfer by the transferor.

If any dispute arises as to the identity of a holder of an Allowed Claim that is entitled to receive a distribution pursuant to this Liquidation Plan, the Disbursement Agent or the servicers,

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

as applicable, may, in lieu of making such distribution to such Person, make the distribution into an escrow account until the disposition thereof is determined by Final Order or by written agreement among the interested parties to such dispute.

8.6. Delivery of Distributions. Subject to Bankruptcy Rule 9010, all distributions to holders of Allowed Claims shall be made at the address of such holder as set forth in the books and records of the Debtor. In the event that any distribution to any holder is returned as undeliverable, the Disbursement Agent shall use reasonable efforts to determine the current address of such holder, but no distribution to such holder shall be made unless and until the Disbursement Agent has determined the then current address of such holder, at which time such distribution shall be made to such holder without interest; provided, however, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of one year from the Effective Date. After such date, all unclaimed property or interest in property shall revert to the Debtor and the Claim of any other holder to such property or interest in property shall be discharged and forever barred notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary.

8.7. Manner of Cash Payments Under Liquidation Plan. At the Liquidating Trustee's option, any Cash payment to be made hereunder may be made by a check or wire transfer or as otherwise required or provided in applicable agreements, or as agreed by the Liquidating Trustee and the claimant.

8.8. Setoffs and Recoupment. Subject to the limitations provided in Section 553 of the Bankruptcy Code, and except as provided in this Liquidation Plan, the Debtor or the Liquidating Trust may, but shall not be required to, set off against or recoup from any Claim or Claims of any nature whatsoever that the Debtor may have against the claimant, but neither the failure to

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor or the Liquidating Trust of any such Claim it may have against such claimant.

8.9. Allocation of Payments. In the case of distributions with respect to Claims pursuant to this Liquidation Plan, the amount of any Cash and the fair market value of any other consideration received by the holder of such Claim will be allocable first to the principal amount of such Claim (as determined for federal income tax purposes), and then, to the extent of any excess, the remainder of the Claim.

8.10. No Postpetition Interest on Claims. Unless otherwise specifically provided for in this Liquidation Plan or the Confirmation Order, or required by applicable bankruptcy law, postpetition interest shall not accrue or be paid on any Claims and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on such Claim.

8.11. Withholding. The Liquidating Trustee may withhold from amounts distributable to any person any and all amounts, including taxes, determined in the Liquidating Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other governmental requirement.

## ARTICLE 9

## CONDITIONS PRECEDENT TO EFFECTIVE DATE

9.1. Conditions Precedent to Effective Date of Plan. The occurrence of the Effective Date of this Plan is subject to satisfaction of the following conditions precedent:

(a) Approval of FDIC Settlement Agreement. The Court shall have entered an Order approving the FDIC Settlement Agreement, incorporating the terms of the FDIC Settlement Agreement into the Plan, and the Plan shall not be inconsistent with the terms of the FDIC Settlement Agreement.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

(b) Confirmation Order. The Clerk of the Bankruptcy Court shall have entered the Confirmation Order in the Debtor's Bankruptcy Case and there shall not be a stay or injunction (or similar prohibition) in effect with respect thereto.

(c) Execution and Delivery of Other Documents. All other actions and all agreements, instruments or other documents necessary to implement the terms and provisions of this Liquidation Plan, including the Plan Documents, shall have been, in each case, effected, duly and validly executed and delivered by the parties thereto and all conditions to their effectiveness shall have been satisfied or waived in accordance with their respective terms.

(d) Expiration of the Claims Bar Date. Debtor shall have applied for, and the Court shall have entered an Order providing for a Claims Bar Date, and the time for all creditors to have filed Proofs of Claims shall, pursuant to the Court's Order, shall have expired.

(e) Expiration of Claims Objection Period. Debtor shall have applied for, and the Court shall have entered, pursuant to Bankruptcy Local Rule 3007-1(a) an Order providing for an expedited claims objection period, and pursuant to the Court's Order, the Claims Objection Period shall have expired.

(f) Other Acts. Any other actions the Debtor determines are necessary to implement the terms of this Liquidation Plan shall have been taken.

9.2. Substantial Consummation. Substantial consummation of this Liquidation Plan under Section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

**ARTICLE 10**

**EFFECT OF CONFIRMATION**

10.1. Vesting of Assets. Except as otherwise provided in this Liquidation Plan, on the Effective Date all property comprising the Estate shall revest in the Debtor. Property identified in the Liquidation Trust Agreement shall be deemed to be transferred by the Debtor to the

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

Beneficiaries by transfer to, and vesting in, the Liquidating Trust, free and clear of all Liens, Claims and Equity Interests (other than as expressly provided herein).

10.2. Binding Effect. Except as otherwise provided in Section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of this Liquidation Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor and such holder's respective successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under this Liquidation Plan and whether or not such holder has accepted this Liquidation Plan.

10.3. Satisfaction of Claims Against the Estate. Except to the extent otherwise provided in this Liquidation Plan or the Confirmation Order, the treatment of all Claims of any nature whatsoever, known or unknown, including any interest accrued or expenses incurred thereon from and after the Petition Date, against or Equity Interests in the Debtor under this Liquidation Plan shall be in exchange for and in complete satisfaction of all such Claims against the property of the Estate. Except as otherwise provided in this Liquidation Plan or the Confirmation Order, all Persons shall be precluded from asserting, against property of the Estate any other Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

10.4. Exculpation. To the extent permitted by applicable law and approved by the Bankruptcy Court, and except as otherwise specifically reserved in the Plan, the Released Parties shall not have any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, or arising out of, the negotiation of the FDIC Settlement Agreement, the negotiation and the pursuit of approval of the Disclosure Statement, this Liquidation Plan or the solicitation of votes for, or confirmation of, this Liquidation Plan, the funding of this Liquidation Plan, the consummation of this Liquidation Plan, or the administration

Commented [A1]: See also edits to 1.52

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

of this Liquidation Plan (except for any liability that results from willful misconduct as determined by a Final Order) or the property to be distributed under this Liquidation Plan and, in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Liquidation Plan. Notwithstanding the foregoing, claims for breachBreaches of fiduciary duty, willful misconduct, and gross negligence- of these "Released Parties" are excluded from the exculpation afforded by this Section 10.4.

10.5. Reservation of Defenses. Except as otherwise provided in the FDIC Settlement Agreement, the Plan preserves the D&Os' right to assert exculpation rights and defenses to any claims brought by third parties under Section 10.5 of the Plan, including the Liquidating Trustee, under the articles, bylaws, contracts and Washington Business Corporations Act.

Formatted: Underline

The Released Parties and all current and former directors and officers of the Debtors and its subsidiaries (defined as "D&Os") shall retain the right to assert any and all statutory or contractual indemnification, release, and exculpation provisions, including those contained in the Debtor's articles of incorporation and bylaws, as defenses to any and all 10.5.Releases By the Debtor and its Estate. Except for the right to enforce this Liquidation Plan, the Debtor shall, on its own behalf and on behalf of its Estate, and the Liquidating Trust, effective upon the occurrence of the Effective Date, be deemed to forever release, waive and discharge the Released Parties of and from any and all Claims, demands, causes of action and the like, existing as of the Effective Date or thereafter arising from any act, omission, event, or other occurrence that occurred on or prior to the Effective Date, whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, at law, in equity or otherwise. Such release, waiver and discharge shall not operate as a release, waiver or discharge of any Released Party: (i) in

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

[illegible]

~~10.6. Consensual Releases By Holders of Claims. Except for the right to enforce this Liquidation Plan and the FDIC Settlement Agreement, which is incorporated by the Plan in its entirety, each Person who votes to accept this Liquidation Plan, other than the FDIC, shall, on the Effective Date, be deemed to forever release, waive and discharge the Released Parties, to the fullest extent permitted by Section 1141 of the Bankruptcy Code, of and from any and all claims, demands, causes of action and the like, existing as of the Effective Date or thereafter arising from any act, omission, event, or other occurrence that occurred on or prior to the Effective Date, whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, at law, in equity or otherwise that is based on, relates to, or in any manner arises from, in whole or in part, the Debtor or its Subsidiaries, the Bankruptcy Case, the purchase, sale or rescission of the purchase or sale of any security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim that is treated in this Liquidation Plan, the business or contractual arrangements between the Debtor or its Subsidiaries and any Released Party relating to the restructuring of Claims prior to or in the Bankruptcy Case or the negotiation, formulation or preparation of this Liquidation Plan, or any related agreements, instruments or other documents. Each Person who votes to reject the Liquidation Plan shall not be deemed to release, waive and discharge the Released Parties. Except as otherwise provided herein, upon the Effective Date, all such holders of Claims and their Affiliates shall be forever precluded and enjoined from prosecuting or asserting any such discharged Claim against the Debtor or any Affiliates. Notwithstanding the foregoing, in the event that this Liquidation Plan is not confirmed,~~

[illegible] recovery of any potentially avoidable transfers. The Liquidating Trustee shall have the sole right

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

to investigate and pursue any potentially avoidable transfers on behalf of the Estate. ~~Absent objection by a creditor or party in interest prior to or at the Plan confirmation hearing~~Otherwise, as of the Effective Date, the Debtor and the Estate shall be deemed to have waived the right to prosecute, and to have settled and released for fair value, any avoidance or recovery actions under Sections 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code or other applicable law that belong to the Debtor which: (i) has not been commenced as of the Effective Date; and, (ii) the Debtor could have prosecuted as debtor or debtor-in-possession against the FDIC and the other Released Parties.

10.6~~5~~~~7~~. Avoidance Actions. The Debtor has reviewed and does not intend to pursue recovery of any potentially avoidable transfers. The Liquidating Trustee shall have the sole right to investigate and pursue any potentially avoidable transfers on behalf of the Estate. ~~Absent objection by a creditor or party in interest prior to or at the Plan confirmation hearing~~Otherwise, as of the Effective Date, the Debtor and the Estate shall be deemed to have waived the right to prosecute, and to have settled and released for fair value, any avoidance or recovery actions under Sections 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code or other applicable law that belong to the Debtor which: (i) has not been commenced as of the Effective Date; and, (ii) the Debtor could have prosecuted as debtor or debtor-in-possession against the FDIC and the other Released Parties.

10.7~~6~~~~8~~. Term of Injunctions or Stays.

(a) Except as otherwise expressly provided herein, and except with respect to enforcement of this Liquidation Plan, all Persons who have held, hold or may hold any Claim against, or Equity Interest in, the Debtor as of the Effective Date will be permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind in any forum with respect to such Claim or Equity Interest against property of the Estate, (ii) the enforcement, attachment, collection or recovery in any

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

manner or by any means any judgment, award, decree or order against the Debtor or property of the Estate, with respect to such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or other encumbrance of any kind against the Debtor or property of the Estate or interests in property of the Debtor, with respect to any such Claim or Equity Interest, (iv) asserting a right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against any property or interests in property of the Debtor, with respect to such Claim or Equity Interest, (v) commencing or continuing any action, in any forum, that does not comply or is inconsistent with the provisions of this Liquidation Plan and (vi) pursuing any such Claim released pursuant to Sections 10.4 and 10.6 hereof.

(b) Unless otherwise provided, all injunctions or stays arising under or entered during the Debtor's Bankruptcy Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

10.879. Termination of Subordination Rights and Settlement of Related Claims. The classification and manner of satisfying all Claims and Equity Interests under this Liquidation Plan takes into consideration all subordination rights, whether arising by contract or under general principles of equitable subordination, Sections 510(b) or 510(c) of the Bankruptcy Code, or otherwise. All subordination rights that a holder of a Claim or Equity Interest may have with respect to any distribution to be made under this Liquidation Plan shall be discharged and terminated, and all actions related to the enforcement of such subordination rights shall be enjoined permanently. Accordingly, distributions under this Liquidation Plan to holders of Allowed Claims will not be subject to payment of a beneficiary of such terminated subordination rights, or to levy, garnishment, attachment or other legal process by a beneficiary of such terminated subordination rights.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

10.9810. Preservation of Claims. Except as otherwise provided in this Liquidation Plan, including Sections 10.4 through 10.7, as of the Effective Date, pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code, any action, cause of action, liability, obligation, right, suit, debt, sum of money, damage, judgment, claim and demand whatsoever, whether known or unknown, at law, in equity or otherwise, but excluding any Released Claims (collectively, "Causes of Action") accruing to the Debtor, shall become assets of the Liquidating Trust, and the Liquidating Trustee shall have the authority to commence and prosecute such Causes of Action for the benefit of the Estate and the Liquidating Trust. After the Effective Date, the Liquidating Trustee shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Causes of Action without approval of the Bankruptcy Court.

**ARTICLE 11**

**RESOLUTION OF DISPUTED CLAIMS**

11.1. Disputed Claims.

(a) Objection Deadline. The Debtor shall have obtained from the Court, pursuant to Bankruptcy Local Rule 3007-1(a), an Order providing for an expedited claims objection period, which shall expire prior to the Effective Date. Debtor shall, in good faith, make its best efforts to prosecute to Final Order, resolve or otherwise dispose of any and all objections to Claims, prior to the Effective date.

(b) Prosecution of Objections. After the Effective Date, any Disputed Claim, to which an objection is pending, shall be resolved by the Liquidating Trustee pursuant to the terms of the Liquidating Trust Agreement. After the Effective Date, the Liquidating Trustee shall have the sole authority to litigate to judgment, settle or withdraw such objections to Disputed Claims.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

(c) No Distribution on Disputed Claims. Except as otherwise provided in the Liquidating Trust Agreement, and notwithstanding any provision of the Plan specifying the time for payment of distributions to holders of claims, no payment or distribution shall be made to the holder of any Disputed Claim until the time such claim has been determined to be an Allowed Claim.

## ARTICLE 12

## RETENTION OF JURISDICTION

12.1. Jurisdiction. Unless otherwise provided for herein or in a prior order of the Bankruptcy Court, the Bankruptcy Court shall have exclusive jurisdiction over all matters arising out of, or related to, the Debtor's Bankruptcy Case, this Liquidation Plan, the Liquidation Trust and the FDIC Settlement Agreement pursuant to, and for the purposes of, Sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a) To determine any and all adversary proceedings, applications and contested matters in the Debtor's Bankruptcy Case and grant or deny any application involving the Debtor that may be pending on the Effective Date.

(b) To ensure that distributions to holders of Allowed Claims are accomplished as provided in this Liquidation Plan;

(c) To hear and determine any timely objections to Administrative Claims or to proofs of claim and equity interests, including any objections to the classification of any Claim or Equity Interest, and to allow or disallow any disputed claim in whole or in part;

(d) To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(e) To issue such orders in aid of execution of this Liquidation Plan, to the extent authorized by Section 1142 of the Bankruptcy Code;

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

(f) To consider any amendments to or modifications of this Liquidation Plan, or to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

(g) To hear and determine all applications of retained professionals under Sections 330, 331 and 503(b) of the Bankruptcy Code for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Confirmation Date;

(h) To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of this Liquidation Plan, the Confirmation Order, the Liquidation Trust, the FDIC Settlement Agreement, any transactions or payments contemplated by this Liquidation Plan or any agreement, instrument or other document governing or relating to any of the foregoing;

(i) To hear and determine all controversies, suits and disputes that may arise under the Liquidating Trust Agreement, including but not limited to any and all claims and disputes asserted against the Liquidating Trustee;

(j) To hear and determine matters concerning state, local and federal taxes in accordance with Sections 346, 505 and 1146 of the Bankruptcy Code (including the expedited determination of taxes under Section 505(b) of the Bankruptcy Code);

(k) To hear any other matter not inconsistent with the Bankruptcy Code;

(l) To hear and determine all disputes involving the existence, scope and nature of any of the releases, benefits or obligations provided for under Section 10.3, 10.4, 10.5 and 10.6 hereof;

(m) To issue injunctions and effect any other actions that may be necessary or desirable to restrain interference by any Person with the consummation or implementation of this Liquidation Plan;

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

(n) To enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with this Liquidation Plan with respect to any Person;

(o) To enter a final decree closing the Debtor's Bankruptcy Case;

(p) To hear and determine all disputes relating to the effect of this Liquidation Plan under any agreement to which the Debtor or any Affiliate of the Debtor is a party; and

(q) To hear and determine all disputes relating to the Liquidating Trustees post-confirmation actions, including but not limited to proposed sales of assets, distributions to creditors, and compensation of the Liquidating Trustee.

12.2. Standing. The Liquidating Trustee shall have standing in any proceeding relating to controversies, suits, claims and disputes arising under the Liquidating Trust Agreement to enforce the rights and powers of the Liquidating Trustee or of the Beneficiaries arising under the Liquidating Trust Agreement or the Plan, as the Representative of the Estate.

12.3. Modification of Payment Terms. The Liquidating Trustee shall have the right to modify the treatment of any Allowed Claim at any time after the Effective Date upon the consent of the holder of such Allowed Claim.

**ARTICLE 13**

**MISCELLANEOUS**

13.1. Entire Agreement. The Plan sets forth the entire agreement and undertakings relating to the subject matter thereof and supersedes all prior discussions and documents. No Entity shall be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for herein or as may hereafter be agreed to by the parties in writing.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

13.2. Headings. Headings are utilized in the Plan for convenience and reference only and shall not constitute a part of the Plan for any other purpose.

13.3. Administrative Expense Bar Date. Unless otherwise ordered by the Bankruptcy Court, the Confirmation Order shall operate to set a bar date for Administrative Expense (the "Administrative Expense Bar Date"), which bar date, except with respect to Administrative Expense of professional persons for compensation of fees and expenses, shall be the first business day that is at least 180 days after the Effective Date. Claimants holding Administrative Expense claims against the Debtor not paid on the Effective Date may submit a Request for Payment of Administrative Expense on or before such bar date.

13.4. Governing Law. Except to the extent that federal law (including, but not limited to, the Bankruptcy Code and the Bankruptcy Rules) is applicable or where the Plan provides otherwise, the rights and obligations arising under the Plan shall be governed by, and construed, and enforced in accordance with, the laws of the State of Washington, without giving effect to the principles of conflicts of law thereof.

13.5. Severability. Should the Bankruptcy Court determine, prior to the Confirmation Date, that any provision in the Plan is either illegal on its face or illegal as applied to any Claim, such provision shall be unenforceable either as to all holders of Claims or as to the holder of such Claim as to which the provision is illegal, respectively. Such a determination of unenforceability shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

13.6. No Interest. Except as expressly stated in the Plan or otherwise Allowed by Final Order of the Bankruptcy Court, no interest, penalty or late charge arising after the Petition Date shall be Allowed on any Claim.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

13.7. Limitation on Allowance. No attorneys' fees, punitive damages, penalties, exemplary damages, or interest shall be paid with respect to any Claim except as specified herein or as Allowed by a Final Order of the Bankruptcy Court.

13.8. Estimated Claims. To the extent any Claim is estimated for any purpose other than for voting, then in no event shall such Claim be Allowed in an amount greater than the estimated amount.

13.9. Successors and Assigns. The rights, duties and obligations of any Entity named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Entity.

13.10. Non-Debtor Waiver of Right. Non-debtor parties shall have the right to voluntarily waive any rights, benefits or protections that are afforded to them under the provisions of the Plan or any order issued in furtherance of the Plan, and such waiver shall supersede such rights, benefits or protections.

13.11. Retained Claims and Interests. On the Effective Date, Debtor's assets designated to fund the Liquidating Trust shall be transferred to the Liquidating Trust, together with all rights, claims and causes of action to recover monies owed to the Debtor by borrowers and guarantors, including but not limited to the recovery of the Wasco/Bingo Loans, and to recover and/or liquidate any and all claims and other assets listed by the Debtor in Schedules A and B filed with the Bankruptcy Court, including amendments thereto. (the "Retained Claims and Interests"). The Liquidating Trustee shall be and is hereby appointed as the representative of the Estate pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code for the purpose of pursuing any Claims or causes of action with respect to assets in the Liquidating Trust, and any Retained Claims and Interests. On the Effective Date, the Debtor shall be deemed to have

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

waived any Claims or interests, and abandoned any asset, not transferred to the Liquidating Trust.

13.12. Unmarked Ballots. Executed ballots, if any, respecting the Plan returned by creditors or parties in interest to the Debtor which do not indicate acceptance or rejection of the Plan shall be deemed and counted as acceptances of the Plan..

13.13. Notices. All notices, requests, elections or demands in connection with the Plan shall be in writing and shall be mailed by 1) U.S. mail; and 2) registered or certified mail, return receipt requested, to:

If to the Debtor:

Thomas A. Sterken
Law Offices of Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052

With mandatory copies to:

Jeffrey L. Smoot
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101

13.14. Reservation of Rights. Except as expressly set forth herein, this Liquidation Plan shall have no force and effect unless and until the Bankruptcy Court has entered the Confirmation Order and the Effective Date has occurred. The filing of this Liquidation Plan, any statement or provision contained in this Liquidation Plan, or the taking of any action by the Debtor or any other party with respect to this Liquidation Plan shall not be and shall not be deemed to be an admission or waiver of any rights of the Debtor or any other party with respect to Claims or Equity Interests or any other matter.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

13.15.  Further Assurances. The Debtor, as applicable may file such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Liquidation Plan.

13.16.  Exhibits Incorporated. All exhibits to this Liquidation Plan, including the FDIC Settlement Agreement, the Liquidating Trust and Plan Supplements, are incorporated into and are a part of this Liquidation Plan as if fully set forth herein.

13.17.  Amendment or Modification of this Liquidation Plan. Subject to Section 1127 of the Bankruptcy Code and, to the extent applicable, Sections 1122, 1123 and 1125 of the Bankruptcy Code, alterations, amendments or modifications of this Liquidation Plan may be proposed in writing by the Debtor at any time prior to or after the Confirmation Date, but prior to the Effective Date. Holders of Claims that have accepted this Liquidation Plan shall be deemed to have accepted this Liquidation Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder; provided, however, that any holders of Claims who were deemed to accept this Liquidation Plan because such Claims were unimpaired shall continue to be deemed to accept this Liquidation Plan only if, after giving effect to such amendment or modification, such Claims continue to be unimpaired.

13.18.  Inconsistency. In the event of any inconsistency between and among any of the Liquidation Plan, the Disclosure Statement and any exhibit thereto, the FDIC Settlement Agreement and the Liquidating Trust, every effort shall be made to construe each of the documents to give full effect to the document's purpose and effect, and if not possible, the provisions of this Liquidation Plan shall govern, but only so far as any such direct inconsistency.

13.19.  Section 1125(e) of the Bankruptcy Code. As of the Confirmation Date, the Debtor shall be deemed to have solicited acceptances of this Liquidation Plan in good faith and in

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

compliance with the applicable provisions of the Bankruptcy Code. The Debtor (and each of its successors, predecessors, control persons, members, Affiliates, agents, directors, officers, employees, investment bankers, financial advisors, accountants, attorneys and other professionals and any officer or employee serving as a director, manager, officer or employee of any Affiliate of the Debtor or trustee (or similar position) of any employee benefit plan or trust (or similar person) of the debtor or its Affiliates) has participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of the securities under this Liquidation Plan. Accordingly, such entities and individuals shall not be liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of this Liquidation Plan or the offer and issuance of the securities under this Liquidation Plan.

13.20. Compliance with Tax Requirements. In connection with this Liquidation Plan and all instruments issued in connection herewith and distributed hereunder, any party issuing any instruments or making any distribution under this Liquidation Plan, shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions under this Liquidation Plan shall be subject to any withholding or reporting requirements. Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under this Liquidation Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding and other tax obligations, on account of such distribution. Any party issuing any instruments or making any distribution under this Liquidation Plan has the right, but not the obligation, to not make a distribution until such holder has made arrangements satisfactory to such issuing or distributing party for payment of any such tax obligations.

**OLES MORRISON RINKER BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

13.21. No Admissions. If the Effective Date does not occur, this Liquidation Plan shall be null and void in all respects, and nothing contained in this Liquidation Plan shall (a) constitute a waiver or release of any Claims by or against, or any Equity Interests in, the Debtor, (b) prejudice in any manner the rights of the Debtor or any other party in interest or (c) constitute an admission of any sort by the Debtor or other party in interest.

## ARTICLE 14

## ENTRY OF CLOSING ORDER BY THE BANKRUPTCY COURT

The performance of all obligations which shall be due and owing on the Effective Date pursuant to the terms of this Plan shall constitute the full administration of this Estate for purposes of Section 350 of the Code and Bankruptcy Rule 3022, and shall be deemed substantial consummation of the Plan within the meaning of Section 1101(2) of the Code. Notwithstanding any closing of the Bankruptcy Case, the Debtor or Liquidating Trustee may move, without notice, to reopen this case for the purpose of seeking relief pursuant to the retained jurisdiction of the Bankruptcy Court provided herein or under applicable law.

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234

RESPECTFULLY SUBMITTED this 7th5th day of August October 2016.

Debtor and Debtor-in-Possession

WASHINGTON FIRST FINANCIAL GROUP, INC.

By: *_______/s/ Elizabeth Huang____________________*
W. Elizabeth Huang, Its President

OLES MORRISON RINKER & BAKER LLP

By: *______/s/ Jeffrey L. Smoot______________*
Jeffrey L. Smoot, WSBA #39335
Melia A. Preedy; WSBA #47940
Attorneys for Debtor

4852-9934-1882, v. 1-7946-0665, v. 1

OLES MORRISON RINKER BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101
PHONE 206 623-3427
FAX: (206) 682-6234